VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     25-AP-010



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JULY TERM,   2025

Kimberly Koontz v. Michael Lowery III\*     }     APPEALED FROM:
                                            }     Superior Court, Chittenden Unit,
                                            }     Family Division
                                            }     CASE NO. 563-9-17 Cndm
                                                  Trial Judge: Kate T. Gallagher

In the above-entitled cause, the Clerk will enter:

Father appeals a family division order denying his request to modify parent-child contact and allow unsupervised contact with his child. We affirm.

The court found the following facts. The parties are parents to a son, born in August 2017. A parentage order in 2018 gave the parties shared legal and physical rights and responsibilities for their child with parent-child contact for father. In June 2023, father physically assaulted mother and she obtained a relief-from-abuse (RFA) order preventing father from having contact with her or the child. Father was charged with aggravated domestic assault and subject to conditions of release, which also prohibited contact with mother or the child.

Father entered a plea agreement and was placed on probation. Father became sober and engaged in domestic-violence treatment. He moved to reopen the parentage action to allow unsupervised contact with his child. In the RFA proceeding, mother moved for limited supervised parent-child contact for father. The court consolidated the matters for a hearing. In May 2024, the court found a real, substantial, and unanticipated change of circumstances and that modification of the order was in the child's best interests. The court continued sole parental rights and responsibilities with mother. The court modified the existing parent-child contact order to allow contact between father and the parties' child twice a month supervised by the child's licensed therapist. The order required mother to encourage the child to participate in supervised sessions, but explained that if the child resisted participation, he "need not be physically forced to attend." Father had four to five visits with his child that went well. In July

2024, however, the parties argued outside the therapist's office near where their child was waiting in mother's car. The child became upset and frightened.

Mother moved to modify the parent-child contact order, asking that the child not be forced to visit with father. Mother asserted that since the argument the child's anxiety had increased, and he no longer wanted to participate in visits. Father also moved to modify, seeking more parent-child contact and permission for unsupervised visits or visits in a community location. The family division held a hearing on the consolidated requests. The court issued a written order concluding that it was not in the child's best interests to amend the existing contact order and directing that supervised visits continue. Father appeals.

This Court reviews a family division order "to modify parent-child contact for abuse of discretion." Weaver v. Weaver, 2018 VT 38, ¶ 18, 207 Vt. 236. To modify an existing parent-child contact order, the court must first consider "whether there has been a 'real, substantial and unanticipated change of circumstances.' " Id. (quoting 15 V.S.A. § 668(a)). If the threshold is met, "the court must then determine whether changes to the parent-child contact arrangement are in the best interests of the child." Id. ¶ 21 (citing 15 V.S.A. § 668(a)).

On appeal, father argues that he should be allowed unsupervised visits with his child. Father asserts that the child's reticence to attending visits is due to mother's influence, that it has been two years since restrictions have been in place, and that visits in the community would allow the child to reunite with the child's brother, who lives with father.

We conclude that the family division acted within its discretion in this case by denying father's request to modify the parent-child contact provisions of the existing order. The family division found that either no change of circumstances was required because the existing order contemplated future modifications or that the July incident amounted to a change warranting modification,[1] but that a change was not in the child's best interests. As to mother's request, the court declined to allow the child, who was then seven years old, to decide not to attend supervised visits.[2] The court explained that although the child may be anxious, one incident "should not be allowed to derail all efforts to repair" the relationship with father. The court credited father with working hard to improve himself and recognized the importance of building a relationship between the child and father. However, the court denied father's request for unsupervised visits or visits in the community, finding that the child needed time to engage with father and feel safe around him. The court indicated that it would schedule a review hearing to assess the progress made.

---

[1] Because neither party challenges the court's decision regarding changed circumstances, we do not address it on appeal.

[2] The existing order provides that mother should encourage visits but that the child "need not be physically forced to attend." The family division interpreted this provision to prohibit physically forcing the child to attend, but not allowing the child to decide whether to visit his father.

2

Father has presented no reason to disturb the court's findings or conclusions. Although the court did not explicitly consider each statutory best-interest factor, its order demonstrates that it considered several of the factors including the parties' relationships with the child, the parties' ability to meet the child's present and future developmental needs, and the impact of past abuse on the child. See 15 V.S.A. § 665(b) (listing statutory factors). To the extent father seeks to have this Court reevaluate the evidence on appeal, that is not our role. See Fabiano v. Cotton, 2020 VT 85, ¶ 35, 213 Vt. 236 ("We will not reweigh the evidence or make findings of credibility on appeal.").

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Karen R. Carroll, Associate Justice

Nancy J. Waples, Associate Justice